UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:  JERRY & TYRA MAYO                                             Case #:  3:08-bk-34411-KRH
       Debtors.                                                                3:08-ap-03123-KRH
                                     Chapter 13 AP

<u>AMENDED
APPLICATION BY  KRUMBEIN CONSUMER LEGAL SERVICES, INC.
FOR ALLOWANCE OF COMPENSATION</u>

**COMES NOW,** Krumbein Consumer Legal Services, Inc. ("Krumbein"), counsel for Debtor(s), and pursuant to 11 U.S.C. § 330(a) and §503(b)(2), Federal Rules of Bankruptcy Procedure 2016, and Standing Order No. 08-1, respectfully applies to this Honorable Court for approval and payment of compensation in the amount of $3,950.10 to be paid through the most recent Chapter 13 plan dated May 27, 2009 and approval of the confidential settlement in the above-mentioned Adversary Proceeding, which has been submitted to the court as instructed for in camera review.

1.    The period covered by this application is from <u>September 15, 2008</u> through <u>May 15, 2009</u>.

2.    **Nature and charge for services billed in the original fee.**  Fees in the amount of <u>$3,000</u> have previously been approved for payment through the plan for the bankruptcy only.  Those fees included pre-bankruptcy planning, exemption planning, analyzing proof of lien perfection, examining documentation, obtaining and reviewing credit reports, filing the petition and plan, and attending the 341 hearing and any adjournments thereof.  The case was filed on <u>September 12, 2008</u> and the first confirmed plan was entered on <u>December 4, 2008</u>.

3.    The names, details regarding professional qualifications such as years in practice and hourly rates, hours, and total fees for the Krumbein attorneys and paraprofessionals who provided professional legal services for which compensation is requested are stated in the table below. Unless otherwise noted, all time billed for services rendered is supported by contemporaneously maintained records, including but not limited to forms, notes, letters, draft documents maintained in the physical file, and notes maintained in the firm's case management system.

| Name | Position | Years in Practice | Hourly Rate | Hours | Total Fees |
| --- | --- | --- | --- | --- | --- |
| Mitchell P. Goldstein | Attorney | 12 | $275.00 | 83.90 | $23,072.50 |
| Melissa G. Krumbein | Paralegal | 10 | $105.00 | 5.60 | $588.00 |
| Jason M. Krumbein | Attorney | 11 | $300.00 | 16.50 | $4,950 |
| Elizabeth F. Egan | Attorney | 9 | $250.00 | 2.50 | $625.00 |

Mitchell P. Goldstein, Esquire VSBN 40613
Jason M. Krumbein, Esquire VSBN 43538
Elizabeth F. Egan, Esquire VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax                                                                                                                              Page 1 of 5

4.     The total computed amount of legal fees for the time expended specifically on behalf of the Debtor(s) for bankruptcy legal services is $29,235.50 and costs in the amount of $2,037.87 (as described in paragraph 6 below) for a total of $31,273.37. Upon information and belief, the Debtor's plan funding would allow payment of additional compensation of $3,950.10.  Said amount has been provided for in the most recent amended plan filed with this court and will not reduce the dividend being paid to general, non-priority, unsecured creditors. Krumbein proposes that it will not seek payment of fees beyond that which plan funding would presently bear and per the terms of the confidential settlement. Krumbein asserts that performance of these professional legal services has benefited the Debtor(s), has been essential to the success of this bankruptcy case, and has resulted in a benefit to creditors. Fees specifically attributable to Debtor in excess of those provided for under the terms of this application and the confidential settlement have been written off in the exercise of billing discretion. Accordingly, the amount of additional fees that would be paid through the plan pursuant to this Application would be limited to $3,950.10. Krumbein requests the said balance to be paid through the Trustee as an administrative expense claim pursuant to 11 U.S.C. §503.

5.     A summary of the services for which compensation is requested is as follows. Such summary describes services performed in addition to standard pre-confirmation legal services. Where obtaining confirmation was complicated or time-consuming, the summary may include a description of such details and compensation in excess of the standard fee may be requested. See Attached Exhibits in Support of Application for Allowance of Fees for details regarding the number of attorney hours, para-professional hours, and total fees for each discrete service.

**Narrative Statement –Request for Payment of Fees**

Krumbein Consumer Legal Services, Inc. applies for approval of compensation in the case of Jerry and Tyra Mayo (Case Nos. 3:08-bk-34411-KRH and 3:08-ap-03123-KRH). The supplemental legal services provided in this case relate to litigation that has benefited the debtors in the above-referenced case. This case relates to the issue of what a debtor must do beyond filing a Chapter 13 petition and plan to recover a motor vehicle that was repossessed pre-petition.  Krumbein diligently represented its clients through settlement negotiations; filing of the adversary proceeding and various motions necessary to obtain the vehicle's return and maintain the litigation with the secured creditor.  Krumbein has benefited the debtors

Two days before Krumbein filed the Chapter 13 petition in the instant case, the Mayos' vehicle was repossessed. They needed the vehicle to commute back and forth to work and to make a bankruptcy and fresh start work for them, so they employed Krumbein to get it back for them.  Upon filing the petition, the lienholder and the debtors had a dispute over how to redeem the vehicle. The Fourth Circuit ruled in *Tidewater Finance Company v. Moffett*, 356 F.3d 518 (4th Cir, 2004) that the right of redemption became property of the bankruptcy, but left open the question of what a debtor must do to exercise that right of redemption. The main issue of the adversary proceeding that was filed on September 19, 2008 was whether filing a chapter 13 plan that provided for the payment in full of all reasonable fees and costs was adequate tender to warrant immediate turnover.

Mitchell P. Goldstein, Esquire VSBN 40613
Jason M. Krumbein, Esquire VSBN 43538
Elizabeth F. Egan, Esquire VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax

The case involved filing an adversary proceeding, motion for turnover and motion for expedited hearing to minimize the damage done to the debtors. Krumbein represented the debtors through numerous motions for reconsideration, summary judgment and a protective order as well as through a discovery battle and settlement negotiations. The adversary proceeding was resolved upon mutually agreeable and acceptable terms with a confidential settlement agreement. As such, a stipulation of dismissal was filed on May 15, 2009.

Defendant mounted a strong defense in this case responding to every motion and filing many of its own. Defendant attempted to depose plaintiffs' counsel, which resulted in a motion for a protective order and hearing on that motion. Thus, the fees increased as the case progressed. Plaintiffs submit that the time expended in the prosecution of this action is warranted given the tenacious defense put forth by the defendant.

Plaintiffs' counsel has a small law firm and does the bulk of his work on his own. As stated in *Bailey v. District of Columbia*, 389 F. Supp. 888, 891 (D.D.C. 1993),

> …attorneys, like plaintiff's counsel, operating either as solo practitioners or in small firms, often lack the resources to retain a large staff of junior lawyers who could handle (certain more clerically related) tasks more economically. Denying plaintiffs compensation for these tasks would unfairly punish plaintiffs and their counsel for not staffing this case as if they had the manpower of a major law firm.

As a result of the proceeding and settlement, Krumbein amended the Chapter 13 plan and included a portion of the fees and costs to without any detriment to the unsecured creditors. The debtors cannot extend the plan as it is already sixty (60) months and they cannot afford to increase payments beyond what is provided in the current plan before the court.

### Conclusion

Krumbein respectfully requests that the Court approve the fees as requested herein. To the extent the plan funding and any approved settlement as of the date of the Application in this case is insufficient to provide for payment of the fees requested herein, Krumbein waives its claim to such fees. Krumbein affirmatively states that it will not seek payment of the fees requested hereby directly from the debtors.

6. A summary of the services and costs for which supplemental compensation is requested is as follows:

| Description of Services Rendered | Attorney Hours | Paralegal Hours | Total Fees |
|---|---|---|---|
| Filed an Adversary Complaint to redeem a vehicle and regain possession when it was repossessed pre-petition | 102.90 | 5.60 | $29,235.50 |

Mitchell P. Goldstein, Esquire VSBN 40613
Jason M. Krumbein, Esquire VSBN 43538
Elizabeth F. Egan, Esquire VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax

The costs requested in this application total $2,037.87 and are as follows:

| Item | Total Cost |
|---|---|
| Postage | $1.77 |
| Deposition Costs for Client | $439.80 |
| Deposition Costs for Opposing Party | $846.30 |
| Local Counsel in Arizona for Depositions | $750.00 |

7.      Charges have not been included for preparation and noticing of the fee application and any court appearances related to the application.

8.      The requested fees can be paid without reducing the dividend on unsecured claims to the extent that the portion requested to be paid through the Chapter 13 plan has been built into the plan specifically for this purpose. If applicable, the debtor does not consent to an increase of the plan term to n/a months AND an increase in the plan payment to $ n/a, to allow for payment of the compensation without reducing the dividend.

9.      The complete time records from the commencement of attorney's services in representing debtor in this bankruptcy case were previously attached as Exhibit A in the summary of the application.

WHEREFORE, Krumbein Consumer Legal Services, Inc., respectfully requests this Honorable Court to approve fees in compensation for professional legal services in the total amount of $3,950.10 to be paid through the most recent Chapter 13 plan dated May 27, 2009 as an administrative expense claim pursuant to 11 U.S.C §503 and approval of the confidential settlement in the above-mentioned Adversary Proceeding, which has been submitted to the court as instructed for in camera review.

We ask for this:

/s/ Mitchell P. Goldstein
Mitchell P. Goldstein, Esq. VSBN 40613
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
mgoldstein@Krumbein.com

/s/ Jason M. Krumbein
Jason M. Krumbein, Esq. VSBN 43538
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
KrumbeinLaw@gmail.com

Mitchell P. Goldstein, Esquire VSBN 40613
Jason M. Krumbein, Esquire VSBN 43538
Elizabeth F. Egan, Esquire VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax                                                                                                                Page 4 of 5

**Certificate of Service**

I certify that I have transmitted a true copy of the foregoing amended application electronically through the Court's CM/ECF system or by mail to the Debtor(s), Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1(d)(3), and to all parties in interest.

/s/ Mitchell P. Goldstein

Mitchell P. Goldstein, Esquire VSBN 40613
Jason M. Krumbein, Esquire VSBN 43538
Elizabeth F. Egan, Esquire VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax